IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO. 93-314 |
| LOUIS AGNES | |

PAPPERT, J.                                                                   September 12, 2017

## MEMORANDUM

After completing a lengthy prison sentence, Louis Agnes began serving a ten-year term of supervised release on October 30, 2015. He now moves for an early termination of the supervised release pursuant to 18 U.S.C. § 3583(e)(1). One of the release conditions is that he not associate with criminals. Agnes wishes to be relieved of this (and all other) conditions so he can "seek companionship" with a woman who has been convicted of multiple crimes. The Court denies the motion.

### I.

On March 14, 1983, a jury convicted Agnes of Hobbs Act extortion, in violation of 18 U.S.C. § 1951. The court sentenced him to twenty years in prison and he was paroled on August 12, 1991. While on parole, Agnes was arrested for narcotics offenses. He subsequently pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, three counts of distributing and possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and three counts of distributing and possessing with intent to distribute methamphetamine in a school zone in violation of 21 U.S.C. § 860(a). On July 26, 1995, the court sentenced Agnes to 292 months imprisonment and a ten-year term of supervised release. *United States v.*

*Agnes*, 490 F. App'x 426, 427 (3d Cir. 2012). On August 10, 2015, Judge Buckwalter reduced the sentence to 240 months and Agnes began serving his ten-year term of supervised release two months thereafter. (Pls. Resp. in Opp. at 2.)

**II.**

Under 18 U.S.C. § 3583(e), courts may terminate a term of supervised release after a defendant has completed at least one year of the supervised release term and after considering the factors set forth in 18 U.S.C. § 3553(a). The defendant bears the burden of establishing that the interests of justice justify early termination of a supervised release. *United States v. Williams*, 2006 WL 618849, at *1 (E.D. Pa. 2006).

Compliance with the conditions of supervised release is not by itself sufficient to warrant early termination because defendants are expected to abide by those conditions. *United States v. Pickett*, No. 06-284, 2011 WL 1155745, at *1 (E.D. Pa. 2011). Early termination should be granted only when the Court is satisfied that "something exceptional or extraordinary warrants it." *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010). This is not the case here.

**III.**

One condition of Agnes's supervised release states: "the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer." (J. at 3; ECF No. 97.) He seeks relief from this condition so he can "seek companionship at his advanced age" with Kelly Murtha, who has criminal convictions for (presumed felony) possession of a controlled substance as well as shoplifting.[1] She

---

[1] Neither the motion nor response indicates whether the controlled substance conviction was a felony, leaving the Court to presume that it was.

2

remains on probation for the shoplifting charge. (Mot. ¶¶ 7–8.) Agnes also purports to suffer from several health conditions which would make him "no threat to society." (Reply, at 1.)

With respect to the nature and circumstances of Agnes's offense and his history and characteristics, he pled guilty to drug charges related to a methamphetamine trafficking operation that resulted in 292 months' imprisonment, which was later reduced to 240 months. He now wishes to associate with someone who also has a drug related conviction. Moreover, Agnes committed his crime while on parole for his Hobbs Act extortion conviction.

Early termination of Agnes's supervised release runs counter to the need to adequately deter his criminal conduct, notwithstanding his advanced age and purported health issues. He has already received a reduction in his sentence and has served less than two years of the ten-year supervised release term. Agnes presents no exceptional or extraordinary reasons which would support an early termination of his supervised release and his motion is denied accordingly.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.